Opinion of the Court.
A constable, having an execution of fieri facias in his hands against the appellant, levied it on his mare *300 and exposed her to sale, the directed by law. On the day of sale, the appellant attended, and encouraged others to bid; but he, pretending that the constable was liable for the seizure, and alleging that he intended to make him liable by a completion of the sale, secretly employed a third person to bid off the mare, and furnished him with the money to pay for her; and this arrangement was made known to the third individual only. The person employed, bid off, received the mare, and paid the money to the constable in his own name, and led her off to his own stable. The sheriff of the county, having an execution against this third person, immediately levied upon the same mare, as the property of the purchaser, and on the day of sale the appellant claimed her as his, and a jury was empanneled, who disagreed, and the sheriff proceeded with the sale. The appellant forbade the sale, declared the mare to be his, and that he would sue the purchaser ; and yet, bid himself for the mare, until she was cried off to him as the highest bidder. But, upon his refusing to give bond and security, the mare was again set up, and the appellee became the highest bidder and was the purchaser. To recover the mare, the appellant brought this action of detinue, and proved the foregoing facts.
Statement of the case.
A person by representing for fraudulent purposes, his own property to belong to another, forfeits all right to recover it from those who have acquired title to it, under faith of such representations, notwithstanding they were contradicted by himself before the purchaser acquired title.
*300 On motion of the appellee, the court instructed the jury as in case of a nonsuit, being of opinion that the conduct of the appellant was such a fraud on others, as deprived him of his remedy. The jury found a verdict for the appellee, and from the judgment the plaintiff below has prosecuted this appeal, and the propriety of the instruction of the court is the sole question.
1. Whether the constable was liable for the seizure, does not appear in this cause. It rests on the appellant’s own suggestions on the day of sale, that the constable was guilty of any impropriety. But if he had been, it is hard to conceive how he could have been rendered more liable, by this cunning artifice of employing a private purchaser in behalf of the appellant himself, instead of redeeming the mare from the execution by the direct payment of the debt at once. It must, however, have been intended to keep this purchase for the appellant, a secret, and thereby palm the falsehood upon the world, that the appellant had totally lost the mare, and thus make the constable wrongfully liable *301 for her full value; or the scheme was, to vest the title of the property colourably in the fictitious purchaser, and thereby secure her from further demands against the appellant. Either of these positions convicts the appellant of an intended fraud, either against the constable or against creditors, and destroys the merits of his own claim. Property colourably and fraudulently transferred, is still liable to the debts of the former holder; but if, in the mean time, it is subjected to the debts of the transferee, the law ought to afford no remedy to him who thus placed it in danger. The appellant ought not, in this case, to have been allowed to recover the property from his fictitious purchaser, to whom, for dishonest purposes, he had entrusted it. In pari delicto portior est conditio defendentis. He, therefore, ought not to recover it from a purchaser, who acquired it under the sanctions of the law. Candor and truth ought to attend all dealings with the officers of justice, while in the exercise of their official duties; and he who by intrigue, to injure one officer throws his estate in danger of another, ought not to have the aid of law afforded him, to make either officer responsible, or to wrest the estate from a bona fide purchaser under them.
It seem, that where the representations made, at different times, are irreconcileably contradictory, the purchaser has an election which to confide in.
Here, the appellant proclaimed to the world, in the first sale, that it was real, and that the highest bidder was the real purchaser, and that the estate was forever gone from him to the purchaser; but so sooii as the sheriff takes him at his word, and seizes the property as belonging to this purchaser, he reverses his attitude, and declares that the sale was all pretended, and not a real one, and that the estate belongs not to the purchaser. Once, when asked the apology for this first deceptive pretence, none was given, according to his own account, except that of ensnaring the first officer into deeper damages, than if the whole truth had been told. The law, then, in refusing its aid, only compels the appellant to keep his first attitude, and assumes as true, what he proclaimed to be true on the first sale.
It is, therefore, considered by the court, that the judgment aforesaid be affirmed; which is ordered to be certified to be said circuit court.